UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

GO AND GO, M.D., P.A.

    Debtor.

Case No. 13-bk-14292-PGH
Chapter 7

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee,

    Plaintiff,

Adv. Case No. 15-ap-01381-PGH

vs.

WELLS FARGO BANK, N.A.,

    Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ADVERSARY
COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND TO
RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") answers Plaintiff's, Nicole Testa Mehdipour, as Chapter 7 Trustee for the bankruptcy estate of Go and Go, M.D. ("Plaintiff"), Adversary Complaint to Avoid Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550 (the "Complaint"), and states:

**JURISDICTION**

1. Wells Fargo states that the allegations contained in paragraph 1 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo admits that Plaintiff purports to bring a cause of action against Wells Fargo pursuant to Sections 544, 548, and

550 of the Bankruptcy Code, and Sections 726.105 and 726.106 of the Florida Statutes, but Wells Fargo denies that Plaintiff is entitled to any of the relief sought or damages claimed in the Complaint.

2.     Wells Fargo admits that this Court has jurisdiction.  Further, Wells Fargo states that the allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent that this Court should deem a response required, Wells Fargo denies the allegations contained in paragraph 2 of the Complaint.

## PARTIES AND PROCEDURAL BACKGROUND

3.     Wells Fargo admits the allegations contained in paragraph 3 of the Complaint.

4.     Wells Fargo admits the allegations contained in paragraph 4 of the Complaint.

5.     Wells Fargo admits the allegations contained in paragraph 5 of the Complaint.

6.     Wells Fargo admits that it is a federally chartered national bank with a principal place of business located at 420 Montgomery St. San Francisco, California, 94163.

7.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 at this time, and, therefore, denies the allegations in paragraph 7 of the Complaint.

8.     Wells Fargo states that the allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  However, to the

extent that this Court should deem a response required, Defendant states that it lacks knowledge and information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore, denies the allegations and legal conclusions contained in paragraph 8 of the Complaint.

9. Wells Fargo states that the statement contained in paragraph 9 of the Complaint is neither an allegation nor legal conclusion to which a response is required. However, to the extent that this Court should deem a response required, Wells Fargo denies the statement contained in paragraph 9 of the Complaint.

### COUNT I - AVOIDANCE OF FRAUDULENT TRANSFERS
### PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE

10. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 9 of this Answer, as though fully set forth herein.

11. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 at this time, and, therefore, denies the allegations in paragraph 11 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 at this time, and, therefore, denies the allegations in paragraph 12 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a

response required, Defendant denies the allegations contained in paragraph 12 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

### COUNT II - AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

13.     Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 9 of this Answer, as though fully set forth herein.

14.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 at this time, and, therefore, denies the allegations in paragraph 14 of the Complaint.  In addition, Defendant states that the allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 at this time, and, therefore, denies the allegations in paragraph 15 of the Complaint.  In addition, Defendant states that the allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 at this time, and, therefore, denies the allegations in paragraph 16 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 16 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 at this time, and, therefore, denies the allegations in paragraph 17 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 17 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

**COUNT III - AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.105(1)(A) OF THE FLORIDA STATUTES**

18. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 9 of this Answer, as though fully set forth herein.

19. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 at this time, and, therefore, denies the

allegations in paragraph 19 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 at this time, and, therefore, denies the allegations in paragraph 20 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 at this time, and, therefore, denies the allegations in paragraph 21 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 21 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Wells Fargo states that the allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 22 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

### COUNT IV - AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(B) OF THE FLORIDA STATUTES

23. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 9 of this Answer, as though fully set forth herein.

24. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 at this time, and, therefore, denies the allegations in paragraph 24 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 24 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 at this time, and, therefore, denies the allegations in paragraph 25 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 25 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 at this time, and, therefore, denies the allegations in paragraph 26 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 at this time, and, therefore, denies the allegations in paragraph 27 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 27 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 at this time, and, therefore, denies the allegations in paragraph 28 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 28 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

### COUNT V - AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUES

29. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 9 of this Answer, as though fully set forth herein.

30. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 at this time, and, therefore, denies the allegations in paragraph 30 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 at this time, and, therefore, denies the allegations in paragraph 31 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 at this time, and, therefore, denies the allegations in paragraph 32 of the Complaint. In addition, Defendant states that the allegations contained in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

### COUNT VI - RECOVERY OF PROPERTY
### PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

33. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 9 of this Answer, as though fully set forth herein.

34. Wells Fargo states that the allegations contained in paragraph 34 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Defendant denies the allegations contained in paragraph 34 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

\* \* \*

All other allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Wells Fargo states the following defenses to Plaintiff's Complaint, without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiff, and reserving the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

### First Affirmative Defense

Plaintiff's claims against Wells Fargo are or may be barred for failure to state a claim which relief may be granted against Defendant.

### Second Affirmative Defense

Wells Fargo denies that it received any transfer from the Debtor that can be recovered as a preferential or fraudulent transfer of property pursuant to 11 U.S.C. §§ 544, 547, 548, and 550 and Fla. Stat. §§ 726.105 and 726.106.

### Third Affirmative Defense

To the extent any of the alleged transfers were made by the Debtor to Wells Fargo, Plaintiff's claims against Wells Fargo for avoidance of the alleged transfers pursuant to 11 U.S.C. §§ 544 and 548 and Fla. Stat. §§ 726.105 and 726.106 are or may be barred because all payments made to Wells Fargo by the Debtor were received in good faith. The alleged transfers were not made with the intent to hinder, delay, or defraud any entity to which the Debtor is or was to be indebted. Further, the Debtor received reasonably equivalent value for any alleged transfers.

### Fourth Affirmative Defense

Wells Fargo asserts and alleges that at all times, Wells Fargo complied with applicable statutory, regulatory, and common law requirements. Accordingly, Plaintiff's claims are barred by Wells Fargo's compliance with all applicable state, federal and local laws and regulations.

### Fifth Affirmative Defense

Plaintiff's claims against Wells Fargo are barred by the doctrine of *in pari delicto*.

### Sixth Affirmative Defense

Plaintiff's claims against Wells Fargo are or may be barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

### Seventh Affirmative Defense

To the extent any of the alleged transfers were made by the Debtor to Wells Fargo, and to the extent the Debtor was solvent when the alleged transfers were made, the Plaintiff may not avoid the alleged transfers to Wells Fargo.

### Eighth Affirmative Defense

To the extent any of the alleged transfers were made by the Debtor to Wells Fargo, and to the extent the Debtor was solvent when the alleged transfers were made, the relief sought in the Complaint should be denied to the extent Wells Fargo was a good faith transferee for value under 11 U.S.C. § 548(c) or under applicable non-bankruptcy law.

**Ninth Affirmative Defense**

To the extent any of the alleged transfers were made by the Debtor to Wells Fargo, the claims asserted fail to the extent that any of the alleged transfers that the Plaintiff seeks to avoid under sections 544 and 548 are subject to the good faith transferee for value defense set forth in 11 U.S.C. §§ 550(b)(1) or (2) or set forth or otherwise available under applicable non-bankruptcy law.

**Tenth Affirmative Defense**

The Plaintiff cannot recover on its claims because the Plaintiff cannot demonstrate that Wells Fargo did not provide consideration deemed valuable in law.

**Eleventh Affirmative Defense**

To the extent any of the alleged transfers were made by the Debtor to Wells Fargo, the Plaintiff is precluded from asserting these claims under the doctrines of waiver, estoppel, and/or laches.

**Twelfth Affirmative Defense**

The claims asserted fail under the step transaction defense, the integrated transaction defense, and/or the collapsing transaction defense.

**Thirteenth Affirmative Defense**

Plaintiff's claims are or may be barred, in whole or in part, because Wells Fargo was not: (i) an initial transferee; (ii) a party for whose benefit the transfer was made or; (iii) the immediate or mediate transferee of the initial transfer, within the meaning of 11 U.S.C. § 550.

**Fourteenth Affirmative Defense**

Plaintiff fails to state claims under 11 U.S.C. § 544(b) because Plaintiff fails to allege the existence of a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

**Fifteenth Affirmative Defense**

Plaintiff's claims are or may be barred, in whole or in part, because 11 U.S.C. § 550(d) provides that the Plaintiff is entitled only to a single satisfaction under 11 U.S.C. § 550(a).

McGUIREWOODS LLP

By  */s/ Courtney A. McCormick*
Sara F. Holladay-Tobias (FL Bar No. 0026225)
Emily Y. Rottmann (FL Bar No. 93154)
Courtney A. McCormick (FL Bar No. 92879)
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
sfhollad@mcguirewoods.com
erottmann@mcguirewoods.com
cmccormick@mcguirewoods.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 17, 2015. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David A. Ray, Esq.
517 Southwest First Avenue
Ft. Lauderdale, FL 33301
(954) 399-0105
dray@draypa.com
*Attorneys for Plaintiff*

                                                                                    */s/ Courtney A. McCormick*
                                                                                               Attorney

68090700v1